UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
RICHARD A. MEDLAR, : CASE NO. 1:12-CV-02077
:
       Plaintiff, :
:
vs. : OPINION & ORDER
:
CITY OF BROOKPARK, *et al.* :
:
       Defendants. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    *Pro se* Plaintiff Richard A. Medlar filed this action against the City of Brookpark, Ohio and Rich's Towing and Service, Inc. ("Rich's Towing"). In the Complaint, Plaintiff alleges that his vehicle was improperly handled after it was impounded following his arrest for driving under the influence of drugs or alcohol ("DUI"). He seeks $ 1,515,000.00 in damages.

    Plaintiff also filed an Application to Proceed *In Forma Pauperis*. That Application is granted.

### I. Background

    Plaintiff's Complaint is very brief. He alleges he was arrested on January 13, 2011 and charged with DUI. Subsequent to his arrest, the Brookpark Police Department summoned Rich's Towing and requested that they remove Plaintiff's car from the scene. Rich's Towing accepted the job and transported Plaintiff's car to their impound lot.

    Plaintiff asked the judge presiding over his criminal trial if he could retrieve his car. The court granted this request on April 27, 2011. When Plaintiff arrived at the impound lot, he was

told by Rich's Towing that before he would be given the car, he would have to pay towing and impound charges totaling more than $2,000. He did not pay the fees and was unable to obtain possession of his car.

Plaintiff returned to court on August 10, 2011 and requested permission to retrieve his personal property from his vehicle. That request was granted; however, when he arrived at the impound lot, he was informed by Rich's Towing that the vehicle and its contents were sold to "Pick a Part" in Cleveland, Ohio. "Pick a Part" in turn sold the vehicle to a private individual. Plaintiff claims the contents of the vehicle were valued over $5,000.00. He asserts he was denied due process.

## II. Legal Standard

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the Plaintiff and without service of process on the Defendant, if the Court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III. Analysis

#### A. Private Party Defendant

As an initial matter, Plaintiff cannot bring an action against Rich's Towing under 42 U.S.C. § 1983. To establish a prima facie case under 42 U.S.C. § 1983, Plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Generally to be considered to have acted "under color of state law," the Defendant must be a state or local government entity, official or employee. Rich's Towing is a private corporation, not a public entity. A plaintiff cannot assert a claim under §1983 against a private party based on private conduct "no matter how discriminatory or wrongful" the party's conduct

may have been. *Tahfs v. Proctor*, 316 F.3d 584 (6th Cir. 2003).

A private entity, such as Rich's Towing, can only be sued under §1983 if its actions may be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). The Supreme Court has established four tests for determining whether the challenged conduct may be fairly attributable to the State for purposes of a § 1983 claim. These are (1) the public function test; (2) the state compulsion test; (3) the symbiotic relationship or nexus test; and (4) the entwinement test. *Brentwood Acad. v. Tenn. Secondary Sch. Ath. Ass'n*, 531 U.S. 288, 298 (2001); *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir.1992).

For a private party to be subject to suit in a §1983 action under the public function test, Plaintiff must demonstrate that the private entity exercised powers that are traditionally exclusively reserved to the state. *Flagg Bros. v. Brooks*, 436 U.S. 149, 157 (1978). The power must be one which is solely in the hands of the state, such as holding elections or exercising the power of eminent domain. *See Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 353 (1974). Towing and storing vehicles is not a function reserved exclusively for the state. The public function test therefore cannot be the basis to show Rich's Towing engaged in "state action" for purposes of a §1983 claim.

To demonstrate state action under the state compulsion test, Plaintiff is required to show that the state exercised such coercive power or provided such significant encouragement, either overt or covert, that the choice of the Defendant must in law be deemed to be that of the state. *See Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982). More than mere approval or acquiescence by a state in the initiatives of the private party is necessary to hold the state responsible for those initiatives. *Id*. Plaintiff alleges only that Rich's Towing refused to release the car to him unless

he paid the cost of towing and storing the vehicle. They also sold the car when it went unclaimed for eighth months. There is no suggestion in the Complaint that the state exercised such coercive powers to force Rich's Towing and Services to charge fees or to sell the car. Plaintiff cannot rely on the compulsion test to assert a §1983 claim against Rich's Towing.

Under the symbiotic relationship or nexus test, Plaintiff must demonstrate that there was a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself. *See Jackson*, 419 U.S. at 357-58; *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 724-25 (1961). This occurs only when the party "acted together with or ... obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." *Lugar*, 457 U.S. at 937. There is no suggestion in the Complaint that the state was involved in any way with the decisions to charge impound and towing fees or that Rich's Towing received significant aid from the state in performing these actions.

The entwinement test requires that the private entity be "entwined with governmental policies" or that the government be "entwined in [the private entity's] management or control." *Brentwood*, 531 U.S. at 296. The crucial inquiry under the entwinement test is whether the "nominally private character" of the private entity "is overborne by the pervasive entwinement of public institutions and public officials in its composition and workings [such that] there is no substantial reason to claim unfairness in applying constitutional standards to it." *Id.* at 298. The fact that a public entity has acted in compliance with a private entity's recommendations does not transform the private entity into a state actor. *Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179 (1988). Although Rich's Towing was summoned by the police to tow the vehicle,

there is no suggestion that the government or the court was excessively intertwined with the management and control of the Defendant's businesses or operations, particularly after the car was towed to the Defendant's lot. Plaintiff has not demonstrated that Rich's Towing can be deemed to be a state actor under the entwinement test.

As Rich's Towing does not qualify as a state actor under any of the four tests set forth by the Supreme Court, it cannot be sued for constitutional violations under 42 U.S.C. §1983. Because the only claims Plaintiff asserts against Rich's Towing are based on violations of 42 U.S.C. §1983, Rich's Towing is dismissed from this action.

### B. Due Process

In addition, Plaintiff fails to state a claim against the City of Brookpark for denial of due process in violation of the Fourteenth Amendment. The Fourteenth Amendment provides that a state may not "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV. In addition to setting the procedural minimum for deprivations of life, liberty, or property, the Due Process Clause bars "certain government actions regardless of the fairness of the procedures used to implement them." *Daniels v. Williams*, 474 U.S. 327, 331 (1986). It does not prohibit every deprivation by the government of a person's life, liberty or property. *Harris v. City of Akron*, 20 F.3d 1396, 1401 (6th Cir. 1994). Only those deprivations which are conducted without due process are subject to suit under 42 U.S.C. § 1983. *Id*.

The Due Process Clause has a procedural component and a substantive one. The two components are distinct from each other because each has different objectives, and each imposes different constitutional limitations on government power. A procedural due process limitation, unlike its substantive counterpart, does not require that the government refrain from

making a choice to infringe upon a person's life, liberty, or property interest. It simply requires that the government provide "due process" before making such a decision. *Howard v. Grinage*, 82 F.3d 1343, 1349 -1353 (6th Cir. 1996). The goal is to minimize the risk of erroneous deprivation, to assure fairness in the decision-making process, and to assure that the individual affected has a participatory role in the process. *Id*. Procedural due process requires that an individual be given the opportunity to be heard "in a meaningful manner." *See Loudermill v. Cleveland Bd. of Educ.*, 721 F.2d 550, 563 (6th Cir.1983). Many procedural due process claims are grounded on violations of state-created rights, or rights that do not enjoy constitutional standing. *See Id.* The rationale for granting procedural protection to an interest that does not rise to the level of a fundamental right is to prevent the arbitrary use of government power. *Howard*, 82 F.3d at 1349. Procedural due process claims do not consider the egregiousness of the deprivation itself, but only question whether the process accorded prior to the deprivation was constitutionally sufficient. *Howard*, 82 F.3d at 1350. Although the existence of a protected liberty or property interest is the threshold determination, the focus of this inquiry centers on the process provided, rather than on the nature of the right.

Substantive due process, on the other hand, serves the goal of preventing "governmental power from being used for purposes of oppression," regardless of the fairness of the procedures used. *See Daniels v. Williams*, 474 U.S. 327, 331 (1986). Substantive due process serves as a vehicle to limit various aspects of potentially oppressive government action. *Id*. It serves as a check on legislation that infringes on fundamental rights otherwise not explicitly protected by the Bill of Rights; or as a check on official misconduct which infringes on a "fundamental right;" or as a limitation on official misconduct, which although not infringing on a fundamental

right, is so literally "shocking to the conscious," as to rise to the level of a constitutional violation. *Howard*, 82 F.3d at 1349.

### 1. Procedural Due Process

To prevail on a procedural due process claim, Plaintiff must plead and prove either that the Defendant deprived him of his liberty or property as a result of an established state procedure that itself violates due process rights; or that the Defendant deprived him of liberty or property pursuant to a random and unauthorized act and available state remedies would not be adequate to redress the deprivation. *Macene v. MJW, Inc.*, 951 F.2d 700, 706 (6th Cir 1991); *see Vicory v. Walton*, 721 F.2d 1062, 1064 (6th Cir. 1983). Plaintiff is not challenging an established state procedure, statute or local ordinance. Instead, he is asserting he was deprived of his car and its contents due to unauthorized acts.

Plaintiff, however, does not allege that these unauthorized acts were committed by the City of Brookpark, or its employees. He contends the Brookpark police summoned Rich's Towing to remove his car from the scene after his arrest. There are no facts in the Complaint which suggest the City of Brookpark or the Brookpark Police Department had further involvement in the disposition of the car or its contents. Plaintiff alleges Rich's Towing demanded an amount in excess of $2,000.00 to release the car and made the decision to sell the car when it was not claimed in eight months. He does not allege that the City of Brookpark participated in these actions and there are no allegations in the Complaint from which the Court could reasonably infer their involvement.

Moreover, the Plaintiff cannot hold the City of Brookpark liable for a constitutional violation unless the deprivation of his property occurred as a result of an unconstitutional

implementation or execution of a policy statement, ordinance, regulation, or decision officially adopted by the City's officers. *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 690 (1978); *DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999). He cannot bring suit against the City under §1983 for the actions of its employees under a theory of *respondeat superior*. *Monell*, 436 U.S. at 691. Plaintiff does not allege that the impound fees charged by Rich's Towing or the subsequent sale of the vehicle were the result of the implementation of a policy, regulation, or ordinance of the City of Brookpark. Plaintiff cannot bring a claim for denial of procedural due process against the City.

### 2.  Substantive Due Process

Plaintiff also fails to state a claim against the City of Brookpark for denial of substantive due process. Due process claims of this nature involve official acts which cause a deprivation of a substantive fundamental right. *Mertik v. Blalock*, 983 F.2d 1353,1367 (6th Cir. 1993). In addition, under substantive due process, courts have invalidated laws or actions of government officials that "shock the conscience." *See United States v. Salerno*, 481 U.S. 739, 746 (1987). These actions are unconstitutional regardless of the procedural protections provided. *Parate v. Isibor*, 868 F.2d 821, 832 (6th Cir. 1989). A citizen, however, does not suffer a constitutional deprivation every time he is subjected to some form of harassment by a government agent. *Id*. at 833. The conduct asserted must be "so severe, so disproportionate to the need presented, and such an abuse of authority as to transcend the bounds of ordinary tort law and establish a deprivation of constitutional rights." *Id.*

The only action Plaintiff attributes to the City of Brookpark is the initial summoning of Rich's Towing to the scene of the arrest by Brookpark police officers. The action does not

implicate a substantive fundamental right not otherwise specified in the Constitution. It also does not suggest conduct so severe and so disproportionate to the need presented that it rises to the level of a Constitutional violation.

### IV. Conclusion

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.


Dated: January 9, 2013                    *s/         James S. Gwin*
                                          JAMES S. GWIN
                                          UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

-10-