UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
```
                                               :
RICHARD A. MEDLAR,                             :     CASE NO. 1:12-CV-02077
                                               :
         Plaintiff,                            :
                                               :
vs.                                            :     ORDER
                                               :     [Resolving Doc. Nos. 7, 8]
CITY OF BROOKPARK, et al.                      :
                                               :
         Defendants.                           :
                                               :
```
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Before the Court is *pro se* plaintiff Richard Medlar's Motion to Reinstate this case dismissed pursuant to 28 U.S.C. § 1915(e) on January 9, 2013. [Doc No. 7]. In the Complaint, plaintiff claimed he was denied due process when his car was sold by Rich's Towing after he could not pay the impound fees. This Court dismissed the action because Rich's Towing could not be sued under § 1983 as a private party, and the City of Brookpark was not involved in the sale of his vehicle. Because plaintiff does not identify grounds for relief under Federal Rule of Civil Procedure 59 and because the Court stands by its earlier order, the Court DENIES the plaintiff's motion.

Plaintiff also filed a Motion for Leave to Appeal [Doc. No. 8] asking the Court for permission to file an appeal of the January 9, 2013 Opinion and Order. Plaintiff filed a Notice of Appeal on February 8, 2013. The Notice of Appeal was acknowledged by the United States Sixth Circuit Court of Appeals on February 20, 2013. Plaintiff's Motion for Leave to Appeal is

DENIED as moot.

## I. Background

Plaintiff was arrested by Brookpark police on January 13, 2011 and charged with driving under the influence. Rich's Towing removed plaintiff's car from the scene and transported it to their impound lot. When plaintiff went to recover the car in April 2011, Rich's Towing presented him with a bill for $2,000.00 for towing and impound charges. He could not pay it and was forced to leave the car on the lot. He returned in August 2011 to retrieve personal property from his vehicle and learned Rich's Towing sold the vehicle and its contents. Plaintiff claimed he was denied due process.

The Court dismissed the action *sua sponte* under 28 U.S.C. § 1915(e) for failure to state a claim upon which relief could be granted. Specifically, the Court determined Rick's Towing was a private party, not a state actor, and therefore not subject to suit in a § 1983 civil rights action. While the City of Brookpark can be considered to be a state actor, plaintiff did not allege the City was involved in the decision to sell his car. Plaintiff objects to the Court's dismissal of his action "prior to the filing of the plaintiff's brief... ." [Doc. No. 7 at 1]. He also asserts he was waiting for the defendants to reply to the complaint. He does not dispute the legal or factual basis for the Court's Opinion and Order.

## II. Legal Standard and Analysis

This Court construes plaintiff's motion to reinstate as a motion to alter or amend judgment under Rule 59. The Federal Rules do not recognize general motions seeking reconsideration of a court's judgment; however, the Sixth Circuit has held that the Court may treat these motions under the standards of Rule 59(e). *See Smith v. Hudson*, 600 F.2d 60, 62–63

(6th Cir.1979) ("a motion which asks a court to vacate and reconsider, or even to reverse its prior holding, may properly be treated under Rule 59(e) as a motion to alter or amend a judgment"). A court may grant a motion to amend or alter judgment under Rule 59(e) if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *See Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir.1999). Such a motion is extraordinary and sparingly granted. *Plaskon Elec. Materials, Inc. v. Allied–Signal*, Inc., 904 F.Supp. 644, 669 (N.D. Ohio 1995).

Plaintiff's sole argument does not justify reopening this case. He merely claims the Court dismissed the action before the defendants answered and before he could file a brief. The Court is required by 28 U.S.C. §1915(e) to dismiss an *in forma pauperis* action prior to service on the defendants if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Because the Court determined the action failed to state a claim upon which relief may be granted, and plaintiff does not dispute that determination, dismissal of the case under § 1915(e) was proper.

### III. Conclusion

For these reasons, plaintiff's Motion to Reinstate [Doc. No. 7] is DENIED. His Motion for Leave to Appeal [Doc. No. 8] is DENIED as moot.

IT IS SO ORDERED.


Dated: September 6, 2013          *s/        James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE